**[J-18-2020][Lead Opinion - Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| IN RE:  THE ESTATE OF WILLIAM K. MCALEER, DECEASED | : | No. 6 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the Superior |
| | : | Court entered 8/9/18 at No. 932 WDA |
| APPEAL OF:  WILLIAM MCALEER | : | 2017, quashing the appeal from the |
| | : | order of the Court of Common Pleas of |
| | : | Allegheny County entered May 30, |
| | : | 2017 at No. 0334 of 2014 |
| | : | |
| | : | ARGUED:  May 27, 2020 |

*CONCURRING OPINION AND OPINION SUPPORTING REVERSAL*

**JUSTICE SAYLOR**                                           **DECIDED: April 7, 2021**

I join Parts I and II(A) of the main opinion, which concerns the jurisdictional question.

Regarding the adoption of the fiduciary exception, I agree with Appellant and his *amicus* that policy-based exceptions to the attorney-client privilege codified at Section 5928 of the Judicial Code are better considered by the policy-making branch of government.  *Accord Crimson Trace Corp. v. Davis Wright Tremane LLP*, 326 P.3d 1181, 1192-93 (Or. 2014).  In this respect, I submit that the General Assembly has superior tools to gather empirical information and assess advantages and disadvantages on a developed legislative record.  *See generally Seebold v. Prison Health Servs., Inc.*, 618 Pa. 632, 652–54 & n.19, 57 A.3d 1232, 1245–46 & n.19 (2012).  This task involves addressing the inherent tension between beneficiaries' right to information about trust

activities and the essential protections afforded by the attorney-client privilege in connection with prudent trust administration.[1]

I am also concerned that the opinion supporting affirmance under-weights the potential that trustees, in light of the fiduciary exception, may not seek the advice of counsel or may withhold sensitive information material to the rendition of necessary legal advice. *See St. Simons Waterfront LLC v. Hunter MacLean Exley & Dunn, P.C.*, 746 S.E.2d 98, 108 (Ga. 2013); *Huie v. DeShazo*, 922 S.W.2d 920, 923-24 (Tex. 1996). Respectfully, moreover, I find the approach of admonishing trustees that they may personally shoulder the expense for legal services associated with their official responsibilities to be wholly impracticable, particularly relative to complex matters in which the cost is prohibitive.

---

[1] Notably, as explained by *amicus*, The Pennsylvania Bankers Association, a number of state legislatures have explicitly declined to adopt a fiduciary exception. *See* Brief for *Amicus* Pa. Bankers Ass'n at 20-21.